UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VERONICA JACKSON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:20-CV-67-HAB-SLC |
| JIM WONG, | |
| Defendants. | |

**OPINION AND ORDER**

Veronica Jackson, proceeding without counsel, seeks leave to proceed in forma pauperis [ECF No. 2]. She has filed a Complaint [ECF No. 1] naming Jim Wong. According to the Complaint, Defendant is responsible for employment discrimination because he demoted Plaintiff and reduced her wages by $1.00 per hour.

For the reasons set forth below, Plaintiff's Motion is denied, and Plaintiff's Complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Prepayment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal

courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The Court turns to the second inquiry, as it is dispositive. District courts have authority under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must provide "sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). A plaintiff can also plead herself out of court if she pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

2

Even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth any factual allegations that raise the Plaintiff's right to relief above the speculative level. On the form Employment Discrimination Complaint, Plaintiff has not identified any federal law that is applicable to her claim. Rather, she marked "Other" and wrote "withholding of wages." The Claims and Facts section, where Plaintiff was directed to write a short and plain statement using simple English words and sentences to explain her case, is left blank. In the Relief section, Plaintiff indicates that, if she wins, she wants backpay for the wages owed to her and to be moved back to $10.00 per hour. She states that she had been making $10.00 per hour for three years before Jim Wong demoted her on July 1, 2019, and reduce her wage by $1.00 per hour.

These statements imply that the demotion was an unlawful act. However, Plaintiff has not identified what made the demotion unlawful. Without any allegation regarding the motivation for the challenged employment action, the Complaint does not provide the Defendant with fair notice of what the claim is. Additionally, if Plaintiff intended to proceed under Title VII, it does not appear that she has named a defendant who can be sued as an employer under Title VII. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (holding that individual supervisors in their individual capacities do not fall within Title VII's definition of "employer"); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). If the Plaintiff intends to pursue a Title VII claim, she must identify the employing entity as the Defendant.

Normally, before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii), a court should give the litigant, especially a pro se litigant, an opportunity to amend her complaint, unless "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (emphasis in *Tate*). The Court will permit Plaintiff to submit an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2];

(2) DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until March 6, 2020, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that if she does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on February 12, 2020.

    s/ *Holly A. Brady*
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT